**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| F-SQUARED INVESTMENT MANAGEMENT, LLC, *et al.*,[1] | Case No. 15-11469 (LSS) |
| Debtors. | (Jointly Administered) |
| CRAIG JALBERT, IN HIS CAPACITY AS TRUSTEE FOR F2 LIQUIDATING TRUST, | |
| Plaintiff, | |
| vs. | |
| AGNES CAROL MCCLELLAND, | Adv. No. 17-50718 (LSS) |
| ANN AGHABABIAN, | Adv. No. 17-50719 (LSS) |
| CHARLES HART, | Adv. No. 17-50722 (LSS) |
| GEORDIE MCCLELLAND, | Adv. No. 17-50755 (LSS) |
| GEORGE MCCLELLAND, | Adv. No. 17-50758 (LSS) |
| GRAHAM HART, | Adv. No. 17-50767 (LSS) |
| HAZEL MCCLELLAND, | Adv. No. 17-50772 (LSS) |
| JACQUELYN MCCLELLAND, | Adv. No. 17-50786 (LSS) |
| LINDSAY HART, | Adv. No. 17-50849 (LSS) |
| LINDSAY MCCLELLAND, | Adv. No. 17-50850 (LSS) |
| MCCLELLAND IRREVOCABLE GRANTOR TRUST, and | Adv. No. 17-50854 (LSS) |
| QUINN MCCLELLAND HART | Adv. No. 17-50859 (LSS) |
| Defendants. | |

**TRUSTEE'S SUR-REPLY**
**IN OPPOSITION TO MOTION TO DISMISS**

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788). The Debtors' address is Verdolino & Lowey, P.C., 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035, Attn: Craig R. Jalbert.

{00022240. }

Dated: March 9, 2018
     Wilmington, Delaware               **THE ROSNER LAW GROUP LLC**

                                Frederick B. Rosner (DE 3995)
Jason A. Gibson (DE 6091)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: gibson@teamrosner.com

           -and-

**BROWN RUDNICK LLP**
William R. Baldiga, Esq.
Sunni P. Beville, Esq.
Sharon I. Dwoskin, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
sbeville@brownrudnick.com
sdwoskin@brownrudnick.com

*Counsel for the F2 Liquidating Trust*

{00022240. }

**INTRODUCTION**

1.     Plaintiff Craig Jalbert, in his capacity as trustee for the F2 Liquidating Trust (the "Trustee"), respectfully submits this brief sur-reply in response to certain arguments made by the above-captioned defendants (collectively, the "Defendants"), for the first time in the *Reply in Support of Motion to Dismiss* [Adv. D.I. 35] (the "Reply")[2].

**I.     THE COURT CAN CONSIDER THE FACTS IN THE TRUSTEE'S OPPOSITION**

2.     In the Reply, the Defendants argue that the *Trustee's Memorandum of Law in Opposition to Defendants' Motion to Dismiss* [Adv. D.I. 30] (the "Opposition") introduces facts not alleged in the Complaints, including detail about the Debtors' indemnification claims, and asks this Court to ignore these facts.  Reply at 2-4.

3.     The great majority of the facts in the Opposition merely provide detail regarding facts alleged in the Complaints, including the Debtors' indemnification claims. See Opposition at ¶ 41.  However, this Court is not limited to a consideration of the facts alleged in the Complaints.  Rather, this Court may also consider "matters of public record and records of which the Court may take judicial notice."  Stanton v. City of Phila., No. 10-2726, 2011 WL 710481, at *2 (E.D. Pa. Mar. 1, 2011); see also Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., 181 F.3d 410, 426 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

4.     As noted in the Opposition at n.5, the vast majority of facts not alleged in the Complaints come from:

---

[2]     The Reply was filed in all of the Defendants' adversary proceedings, and each Defendant's adversary proceeding has a similar docket.  References herein to the adversary proceeding dockets are to Jalbert v. Agnes Carol McClelland, 17-50718.

- The *Declaration of David N. Phelps in Support of Chapter 11 Petitions and First Day Motions*, incorporated into the Complaints by reference;

- The Transfer Order[3], a public record referenced in the Complaints at ¶ 14;

- The SEC complaint[4], referenced in the Complaints at ¶ 15 and of which this Court may take judicial notice (see S. Cross Overseas Agencies, 181 F.3d at 426 ("To resolve a 12(b)(6) motion, a court may properly look at public records, *including judicial proceedings*, in addition to the allegations in the complaint.") (emphasis added)); and

- Claims filed in these bankruptcy cases, of which this Court may take judicial notice (see Madison Equities, LLC v. Condren (In re Theatre Row Phase II Assocs.), 385 B.R. 511, 520 (Bankr. S.D.N.Y. 2008) ("In a bankruptcy case, the court can take judicial notice of all of the documents filed in the case . . . .")); and

- For facts regarding the Debtors' revenue streams only, the Debtors' public SEC filings.

5.      To the extent this Court finds that it may not consider certain of the facts contained in the Opposition, the proper remedy is not to dismiss, but to allow the Trustee leave to amend and replead.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) ("We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."); Hudson v. Aaron Rental Co., No. 09-332, 2010 WL 2679863, at *5 (D. Del. July 6, 2010) (noting the instruction of Phillips and granting plaintiffs leave to amend complaint to "clarify the factual basis of their claims").  Here, as the Opposition demonstrates, an amendment to add facts to the Complaints would not be futile.  Nor would it be inequitable, as the Complaints put the Defendants on notice of the claims against them.  Thus, even if this Court decides not to consider all of the facts in the Opposition, it would be proper to grant the Trustee leave to amend the Complaints.

---

[3]  Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Reply or the Opposition.

[4]  The jury in the SEC Litigation referenced in the Complaints found in favor of the SEC on all counts.

## II.   THE DEBTORS' LIABILITIES WERE UNLIQUIDATED, NOT CONTINGENT.

6.      In the Reply, the Defendants argue that all of the Debtors' liabilities arising from their fraud and breach of contract were contingent liabilities that must be discounted in any determination of the Debtors' insolvency at the time of the Transfers. Reply at 5-6.  This is incorrect.  A contingent liability is one that "is dependent upon some future event that may never happen."  In re Touch Am. Holdings, Inc., 409 B.R. 712, 716 (Bankr. D. Del. 2009), quoting In re RNI Wind Down Corp., 369 B.R. 174, 182 (Bankr. D. Del. 2007).  By contrast, an unliquidated liability is one in which the amount owed has not yet been determined.  RNI Wind Down, 369 B.R. at 183.  The Debtors' liabilities to their clients for claims such as fraud, fraud in the inducement, and breach of contract, while unliquidated in amount, nonetheless existed as of the time of their misconduct.  Jeld-Wen, Inc. v. Van Brunt (In re Grossman's, Inc.), 607 F.3d 114, 125 (3d Cir. 2010).  As in Grossman's, where exposure to the debtor's products containing asbestos created liability, even before an injury manifested, the Debtors' liabilities to their contract counterparties did not depend on the SEC's discovery of the Debtors' fraud.

7.      Even if any of the Debtors' liabilities were contingent, they still exist and existed, and any discounting of such claims for purposes of this proceeding will require factual development not appropriate for this stage of litigation.  Moreover, in a determination of whether the Debtors were insolvent, or whether the Trustee adequately pleaded insolvency, whether or not any of the Debtors' officers were aware of the Debtors' liabilities is irrelevant to these constructive fraud cases.

8.      At the outset, however, drawing all inferences in favor of the Trustee, the Trustee's allegations regarding the amounts of these liabilities as of the dates of the

Transfers are sufficient to state a claim that the Debtors were insolvent.  See Kaymark v.

Bank of Am., N.A., 783 F.3d 168, 174 (3d Cir. 2015); Phillips v. City of Allegheny, 515

F.3d 224, 231 (3d Cir. 2008); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

## CONCLUSION

9.      For the foregoing reasons and those discussed at length in the Trustee's

Opposition, the Trustee respectfully requests that the Court deny the Defendants' Motion

to Dismiss.


Dated: March 9, 2018
      Wilmington, Delaware        **THE ROSNER LAW GROUP LLC**

                                        */s/ Jason A. Gibson*
                                        Frederick B. Rosner (DE 3995)
                                        Jason A. Gibson (DE 6091)
                                        824 Market Street, Suite 810
                                        Wilmington, DE 19801
                                        Telephone: (302) 777-1111
                                        Email: gibson@teamrosner.com

                                             -and-

                                        **BROWN RUDNICK LLP**
                                        William R. Baldiga, Esq.
                                        Sunni P. Beville, Esq.
                                        Sharon I. Dwoskin, Esq.
                                        One Financial Center
                                        Boston, MA 02111
                                        Telephone: (617) 856-8200
                                        sbeville@brownrudnick.com
                                        sdwoskin@brownrudnick.com

                                        *Counsel for the F2 Liquidating Trust*

62950801 v1

{00022240. }    4